UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:                                              :
                                                    :       Chapter 11
NEW YORK SKYLINE, INC.,                             :
                                                    :       Case No. 09-10181 (SMB)
                          Debtor.                   :
-------------------------------------------------------------X
EMPIRE STATE BUILDING COMPANY L.L.C.                :
and EMPIRE STATE BUILDING, INC.,                    :
                                                    :
                          Plaintiffs,               :       Adversary Proceeding
                                                    :
     -against-                                      :       Case No. 09-01107 (SMB)
                                                    :
NEW YORK SKYLINE, INC.                              :
                                                    :
                          Defendant.                :
-------------------------------------------------------------X
NEW YORK SKYLINE, INC.,                             :
                                                    :
                          Plaintiff,                :       Adversary Proceeding
                                                    :
     -against-                                      :       Case No. 09-01145 (SMB)
                                                    :
EMPIRE STATE BUILDING COMPANY L.L.C.,               :
EMPIRE STATE BUILDING, INC. and                     :
EMPIRE STATE BUILDING ASSOCIATES                    :       **CERTIFICATION OF**
L.L.C.,                                             :       **WALTER THREADGILL**
                                                    :       **IN OPPOSITION TO**
                          Defendants.               :       **MOTION FOR SUMMARY**
                                                    :       **JUDGMENT**
-------------------------------------------------------------X

WALTER THREADGILL, hereby certifies, pursuant to 28 U.S.C. § 1746, as follows:

1.  Along with Fredrick Schulman, Chairman of New York Skyline, Inc. ("Skyline"), I participated in the negotiations that resulted in the May 27, 2005 Agreement (the "May 2005 Agreement") between Skyline, on the one hand, and Empire State Building Company L.L.C. and

Empire State Building, Inc. (collectively, "ESB"), on the other. Thomas Keltner, General Counsel for Wein & Malkin, negotiated the May 2005 Agreement for ESB.

2. I have reviewed Mr. Schulman's certification, dated August 17, 2011, submitted in opposition to ESB's motion for summary judgment respecting the negotiations that took place between Skyline and ESB, and the background of the 2005 litigation. The facts set forth therein comport with my memory of the events, and I would testify at trial consist with those facts.

3. Regarding the negotiation of the so-called anti-commission clause in paragraph 7 of the May 2005 Agreement, Mr. Keltner raised the issue of whether Skyline would consent to refrain from paying Skyline ticket agents on a per-ticket commission basis. According to Mr. Keltner, ESB believed that compensating ticket agents on a per-ticket basis caused such agents to be overly aggressive because their compensation was directly tied to the number of tickets they sold. Skyline disputed ESB's contention, however, it ultimately agreed not to pay commissions on a per-ticket basis to Skyline's agents working in or on the footprint of the Empire State Building.

4. Neither Mr. Schulman nor I understood in May 2005, or believe now, that the anti-commission clause in paragraph 7 of the May 2005 Agreement bars Skyline from awarding discretionary bonuses to its salaried employees. If ESB intended that Skyline be prohibited from paying its employees on any basis other than a set salary, the May 2005 Agreement would say that. But it does not.

5. Moreover, if ESB took the position in 2005 that Skyline could not pay bonuses to employees, Skyline would not have agreed to this demand. Frankly, I do not know a company in America that would agree to such a demand.

6. ESB's concern in 2005 was that payment of per-ticket commissions cause aggressive behavior by ticket agents. Skyline's discretionary bonus policy cannot reasonably cause a ticket agent to behave aggressively. An individual agent's has no significant bearing, if any, on the company's ability to reach attendance milestones. Indeed, as explained in Mr. Schulman's certification, these attendance milestones are the product of numerous factors, including ESB's ticket sales, Skyline's promotional activities, group sales, tour operators, internet traffic both through Skyline's web site and travel-related sites, and Skyline's customer's buying habits.

Dated: August 17, 2011

/s  
WALTER THREADGILL